UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
TOMITA TECHNOLOGIES USA, LLC; TOMITA    :
TECHNOLOGIES INTERNATIONAL, INC.        :
                                        :
              Plaintiffs,               :
                                        :
              -v-                       :
                                        :
NINTENDO CO., LTD.; NINTENDO OF         :
AMERICA INC.,                           :
                                        :
              Defendants.               :
------------------------------------ x

11 Civ. 4256 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

     On February 21, 2012, defendant Nintendo Co., Ltd. and
Nintendo of America Inc. (collectively, "Nintendo") filed two
motions for summary judgment on the issues of whether (1)
Nintendo had infringed U.S. Patent No. 7,417,664 (the "'664
patent"), owned by plaintiff Tomita Technologies USA, LLC and
Tomita Technologies International (collectively, "Tomita"), the
owners of the intellectual property rights of inventor Seijiro
Tomita, and (2) whether Nintendo had done so willfully. On April
20, 2012, the Court issued a "bottom-line" order denying both
motions, and on June 26, 2012, the Court elaborated on its
reasons for denial in a written Memorandum. On June 14, 2012,
after oral argument and the issuance of the bottom-line order but
before the issuance of the Court's Memorandum in this case, the
Federal Circuit issued an opinion in Bard Peripheral Vascular,
Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1007 (Fed. Cir.

1

2012), which addressed the issue of the objective prong of the test for willful infringement under In re Seagate Tech., 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). On July 12, 2012, Nintendo submitted the instant motion for reconsideration of the Court's summary judgment Memorandum, claiming that the Federal Circuit's opinion in Bard constitutes an intervening change in the law requiring reconsideration of the Court's finding that "Tomita has satisfied the objective prong of the Seagate test." Mem. at 22.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[T]o prevail on a motion for reconsideration a party must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Pretter v. Metro N. Commuter R. Co., No. 00 Civ. 4366, 2002 WL 31163876 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks omitted).

As stated in the Court's summary judgment Memorandum, under the Federal Circuit's Seagate test, to establish willful infringement, a patentee must make an objective and a subjective showing. Seagate, 497 F.3d at 1371. For the objective prong, the

patentee must "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Id. at 1371. The Federal Circuit has also noted that the "'objective' prong of Seagate tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1319 (Fed. Cir. 2010).

In Bard, the Federal Circuit clarified that the question of the objective assessment of the reasonableness of an alleged infringer's defenses, "even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to de novo review." 682 F.3d at 1007. Although "the judge may when the defense is a question of fact or a mixed question of law and fact allow the jury to determine the underlying facts relevant to the defense in the first instance, . . . the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge." Id. at 1008.

In its motion for summary judgment, Nintendo claimed that, because it advanced three legitimate defenses to Tomita's claims of infringement, Tomita cannot prove that "an objectively high likelihood" of infringement ever existed. Black & Decker, Inc. v.

Robert Bosch Tool Corp., 260 F. App'x 284, 291 (Fed. Cir. 2008).
However, in its Memorandum, the Court determined that "a
reasonable jury could find, based on clear and convincing
evidence, that Nintendo's defenses are so unpersuasive that 'an
objectively high likelihood' of infringement in fact exists."
Mem. at 21. Additionally, the Court concluded that "Tomita has
satisfied the objective prong of the Seagate test." Mem. at 22.
Nintendo argues that these statements are inconsistent with one
another and are contrary to Bard, and therefore the Court should
grant reconsideration of its opinion in light of this intervening
change in law.

Although Bard represents a change in controlling Federal
Circuit precedent, the Court nonetheless denies Nintendo's motion
for reconsideration because it finds that its summary judgment
decision was not inconsistent with Bard's holding. As stated
above, the Court concluded that, as a matter of law, "Tomita has
satisfied the objective prong of the Seagate test," Mem. at 22,
as Bard instructs courts to do. See 682 F.3d at 1007. This
conclusion was supported by the Court's findings that Nintendo
relied on "strained interpretations of the '664 patent" and that
Nintendo's argument regarding the patented system's measuring of
cross-point information "relied on [a] non sequitur" and "not
only fail[ed] as a logical proposition, but also ignor[ed] a

4

claim in the '664 patent." Mem. at 22.[1] Despite Nintendo's
suggestions to the contrary, given these findings, there is no
need for the Court to wait until after the presentation of
evidence at trial to make a determination of objective
recklessness with respect to Nintendo's infringement claims.[2]

Even though the Court denies reconsideration of its summary
judgment Memorandum, two clarifications are in order.  The
Court's Memorandum stated that "a reasonable jury could find,
based on clear and convincing evidence, that Nintendo's defenses
are so unpersuasive that 'an objectively high likelihood' of
infringement in fact exists." Mem. at 21. In light of Bard, the
first clause of this sentence – "a reasonable jury could find" –
is no longer a correct statement of the law. However, in light of
the Court's later finding that "Tomita has satisfied the

---

[1] To the extent that Nintendo argues in its motion for
reconsideration that the Court's statements as to the patent's
claims and the operation of the Nintendo 3DS system were in
error, that claim is not a proper subject for a motion for
reconsideration, as those findings are not affected by Bard.
[2] Although Bard suggests that a court "may . . . allow the jury
to determine the underlying facts relevant to the defense in the
first instance," 682 F.3d at 1008 (emphasis added), this is not
required in this case, since the Court was able to determine
unreasonableness as a matter of law. See DePuy Spine, Inc. v.
Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1324 (Fed. Cir.
2009) (recognizing that although ensnarement has underlying
factual issues, "the resolution of factual issues underlying a
legal question may properly be decided by the court," and holding
that ensnarement may "be determined by the court, either on a
pretrial motion for partial summary judgment or on a motion for
judgment as a matter of law at the close of the evidence and
after the jury verdict").

objective prong of the Seagate test" as a matter of law, the
Court does not think this error is worthy of reconsideration.
Instead, this language should be treated as the Court so finding,
"based on clear and convincing evidence, that Nintendo's defenses
are so unpersuasive that 'an objectively high likelihood' of
infringement in fact exists."

Second, the Court recognizes that, even though the summary
judgment briefing and opinion focused primarily on Nintendo's
defenses to infringement, Nintendo also intended to rely on the
reasonableness of its defenses to the '664 patent's validity in
defending against Tomita's willful infringement claim. Cf. Bard,
682 F.3d at 1006 (recognizing that an alleged infringer's
defenses "may include questions of infringement but also can be
expected in almost every case to entail questions of validity").
Because there was little development of the reasonableness of
these defenses on the present motion, the Court finds that it
would be unfair to preclude Nintendo from offering evidence of
their reasonableness at trial.  Therefore, the Court hereby finds
that, while Nintendo's patent infringement defenses are deemed to
be unreasonable as a matter of law for purposes of the Seagate
willful infringement test, Nintendo can nonetheless argue the
objective reasonableness of its patent invalidity claims at
trial, which the Court will decide at that point.

In sum, for the foregoing reasons, the Court hereby denies Nintendo's motion for reconsideration of the Court's June 26, 2012 summary judgment Memorandum. The Clerk of the Court is instructed to document number 84 on the docket of this case.

SO ORDERED.

_____
JED S. RAKOFF U.S.D.J.

Dated:  New York, New York
        January 14, 2013

7