UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMITA TECHNOLOGIES USA, LLC, and TOMITA TECHNOLOGIES INTERNATIONAL, INC.,

                  Plaintiffs,

      v.

NINTENDO CO., LTD. and NINTENDO OF AMERICA INC.,

                  Defendants.

11 Civ. 04256 (JSR)
ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE CUMULATIVE EXPERT
TESTIMONY BY PLAINTIFFS**

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Colon ex rel. Molina v. BIC USA, Inc.*,
   199 F. Supp. 2d 53 (S.D.N.Y. 2001)...................................................................................1

*F.H. Krear & Co. v. Nineteen Named Trustees*,
   810 F.2d 1250 (2d Cir.1987)...............................................................................................1

*Hous. Fin. Agency v. Nomura Holding Am., Inc.*,
   No. 11CV6201 DLC, 2015 WL 629336 (S.D.N.Y. Feb. 13, 2015) .........................................2

*Price v. Fox Entm't Grp., Inc.*,
   499 F. Supp. 2d 382 (S.D.N.Y. 2010)...................................................................................2

*United States v. Jamil*,
   707 F.2d 638 (2d Cir.1983).................................................................................................1

*United States v. Walker*,
   910 F. Supp. 861 (N.D.N.Y. 1995).......................................................................................1

*Williams v. Cnty. of Orange*,
   No. 03 Civ. 5182(LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005)...............................1, 4

**RULES**

Federal Rule of Evidence 403 ................................................................................................1, 2

Fed. R. Civ. P. 26(a)(3)...............................................................................................................1

Defendants Nintendo of America Inc. and Nintendo Co., Ltd. (collectively, "Nintendo") respectfully submit this memorandum in support of their motion to exclude any and all cumulative testimony or opinions Tomita Technologies USA, LLC and Tomita Technologies International, Inc. (collectively, "Tomita") may seek to introduce through Gregg Favalora and John Merritt and limit Tomita to one of these expert witnesses.[1]

Under Federal Rule of Evidence 403, evidence may be excluded where its probative value is "substantially" outweighed by considerations of, *inter alia*, the "needless presentation of cumulative evidence." *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 96 (S.D.N.Y. 2001) (citing Fed. R. Evid. 403).  A district judge has discretion to exclude relevant evidence that is cumulative of evidence that is already in the record.  *Id.*; *see also United States v. Jamil*, 707 F.2d 638, 643 (2d Cir.1983) ("Evidence is cumulative when it replicates other admitted evidence, and the exclusion of relevant, but cumulative, evidence is within the discretion of the trial court.").  This rule applies to the admission of expert testimony, and the "trial judge has broad discretion in the matter of admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1257 (2d Cir.1987) (citations omitted).

Courts have excluded expert testimony as cumulative where it did not provide an opinion "distinct" from a party's principal expert.  *See Williams v. Cnty. of Orange*, No. 03 Civ. 5182(LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (excluding expert testimony where it would merely repeat and buttress the principal expert's opinion); *see also United States v. Walker*, 910 F. Supp. 861, 863 (N.D.N.Y. 1995) (evidence that will only duplicate the testimony of another expert witness is "simply cumulative" and therefore inadmissible under FRE 403).  It is, therefore, appropriate to exclude an expert from testifying where there is

---

[1] Tomita lists both Messrs. Merritt and Favalora as "will call" witnesses in its Rule 26(a)(3) disclosures.

"substantial overlap between the reports" of two of a party's experts. *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2010).[2]

Mr. Merritt's and Mr. Favalora's expert reports show their testimony would be duplicative, as both experts reach the same ultimate conclusion while relying on the same reasoning and identical evidence.

Messrs. Merritt and Favalora take identical approaches to assessing whether the 3DS includes structure covered by the "offset presetting means" limitation of claim 1 of the '664 patent. Both begin with identical language and, erroneously, assert that "the Federal Circuit explained that the offset presetting means performs two functions, (i) offsetting and (ii) displaying." Jan. 28, 2015 Supplemental Expert Report of John Merritt Regarding Infringement (Blank Decl.[3] Ex. 2) ("Merritt") ¶ 13; Jan. 28, 2015 Expert Report of Gregg Favalora (Blank Decl. Ex. 3) ("Favalora") ¶ 15. They then assess whether the 3DS contains the structure for performing each of these functions.

Both assert, using the same language, that the structure in the 3DS for performing "offsetting" is equivalent to that disclosed in the patent because the use of a graphics processing unit to achieve an offset using matrix operations and OpenGL "would be interchangeable with, the read-out timing control unit 32 in the '664 patent," and the "differences between the two would be considered insubstantial by a person of ordinary skill in the art." Merritt ¶ 46; Favalora ¶ 23. To determine that the structures would be interchangeable, the authors rely on the *same* set of five prior art patents and two other references, presented in the *identical* order in their reports,

---

[2] Although Rule 403's concerns regarding "misleading the jury" and "confusing the issues" are less applicable in the context of a bench trial, Rule 403 "has a role to play" as the presentation of cumulative evidence wastes the time of both the Court and the parties. *Hous. Fin. Agency v. Nomura Holding Am., Inc.*, No. 11CV6201 DLC, 2015 WL 629336, at *8, 12 (S.D.N.Y. Feb. 13, 2015) (excluding expert testimony in a bench trial that had "minimal probative value," which was "easily outweighed by even the slight danger of waste of time and undue delay").

[3] "Blank Decl." refers to the concurrently filed Declaration of James S. Blank.

to conclude that both the structures of the '664 and the structures of the 3DS that perform offsetting were well-known. C*ompare* Merritt ¶¶ 21-23, 45 *with* Favalora ¶¶ 18-21.

They similarly use identical reasoning and facts to conclude that the structure performing displaying in the 3DS is the same as the structure disclosed in the '664 patent. In understanding how the 3DS performs this function, both rely on the source code analysis of Kenneth Amron. *Compare* Merritt ¶ 50 *with* Favalora ¶ 26. In their initial reports, they both conclude that the 3DS must contain a switching mechanism, by relying on the same lines from the deposition of Mr. Murakami. *Compare* Merritt ¶ 49 *with* Favalora ¶ 26. Similarly, their characterizations of the structure disclosed in the '664 patent are the same. *Compare* Merritt ¶¶ 26-27 *with* Favalora ¶¶ 24-25.

After concluding that there is a switching mechanism in the 3DS as part of the displaying structure, the two both apply an "essentially the same" standard to assess infringement. Merritt ¶ 51; Favalora ¶ 28. Both applied the same reasoning in reaching the same conclusions. *Compare* Merritt ¶¶ 48-50 *with* Favalora ¶¶ 25-26.

In their supplemental reports, served on July 16, Messrs. Merritt and Favalora similarly reach identical conclusions using the same reasoning, citing the same references, and using language repeated nearly verbatim in both reports. *Compare* July 16, 2015 Second Supplemental Expert Report of John O. Merritt (Blank Decl. Ex. 4) ("2nd Merritt Supp.") ¶ 10 *with* July 16, 2015 Supplemental Expert Report of Gregg Favalora (Blank Decl. Ex. 5) ("Favalora Supp.") ¶ 10; 2nd Merritt Supp. ¶ 11 *with* Favalora Supp. ¶ 12; 2nd Merritt Supp. ¶ 14 *with* Favalora Supp. ¶ 14; 2nd Merritt Supp. ¶ 16 *with* Favalora Supp. ¶ 15; 2nd Merritt Supp. ¶¶ 17-18 *with* Favalora Supp. ¶¶ 20-21; 2nd Merritt Supp. ¶ 20 *with* Favalora Supp. ¶ 22; and 2nd Merritt Supp. ¶ 19 *with* Favalora Supp. ¶ 23.

There is clearly "substantial overlap" between Mr. Merritt's reports and Mr. Favalora's

reports.  This is unsurprising as, according to Mr. Merritt, Mr. Favalora was retained to serve as a check on his opinion and agreed that "Mr. Favalora's report was used primarily as confirmation of [Mr. Merritt's] own opinions," much like "seeking a second opinion when you already have confidence in your own doctor."  Feb. 25, 2015 Dep. of John O. Merritt (Blank Decl. Ex. 6) 12:14-13:9.  This has resulted in expert reports in which the putative authors apply the same methodologies to reach the same, albeit flawed, conclusions.  One report serves merely to "repeat" and "buttress" the other.  *See Williams*, 2005 WL 6001507, at *6.

     As the reports of Tomita's proposed witnesses clearly have "substantial overlap," Nintendo requests that the Court exercise its discretion and limit Tomita to presenting the testimony of only one of Mr. Merritt or Mr. Favalora in order to avoid wasting the time and resources of the Court and the parties.

Dated: July 21, 2015

                                          Respectfully submitted,

                                          KAYE SCHOLER LLP


                                          By:  */s/ James S. Blank*
                                               James S. Blank
                                             Scott G. Lindvall
                                        250 West 55th Street
                                        New York, NY  10019-9710
                                        Tel: 212-836-8000
                                        Fax: 212-836-8689
                                        james.blank@kayescholer.com
                                        scott.lindvall@kayescholer.com

                                             Paul I. Margulies
                                        The McPherson Building
                                        901 Fifteenth Street NW
                                        Washington, DC 20005
                                        Tel: 202-682-3500
                                        Fax: 202-414-0342
                                        paul.margulies@kayescholer.com