UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMITA TECHNOLOGIES USA, LLC, and TOMITA TECHNOLOGIES INTERNATIONAL, INC.,<br><br>                        Plaintiffs,<br><br>        v.<br><br>NINTENDO CO., LTD. and NINTENDO OF AMERICA INC.,<br><br>                        Defendants. | 11 Civ. 04256 (JSR)<br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TOMITA FROM CONTRADICTING THE FEDERAL CIRCUIT'S CLAIM CONSTRUCTION**

**INTRODUCTION**

Through its experts, as well as the arguments it made during summary judgment, Tomita Technologies USA, LLC and Tomita Technologies International, Inc. (collectively, "Tomita") has attempted to go outside the Federal Circuit's construction of the corresponding structure of the "offset presetting means," wrongly broadening the particular structure in the Federal Circuit's construction in an attempt to lighten its burden of showing that the 3DS contains this structure, or its equivalent. Defendants Nintendo of America Inc. and Nintendo Co., Ltd. respectfully request that the Court preclude Tomita from contradicting the Federal Circuit's claim construction at trial by arguing that the construction encompasses offsetting both left-eye and right-eye images.

**ARGUMENT**

The only claim limitation at issue for trial is "offset presetting means for offsetting and displaying said different video images based upon said video image information, said cross-point information and information on the size of the image which is displayed by said stereoscopic video image display device" (the "offset presetting means"). U.S. Patent No. 7,417,664 (the "'664 patent") (Blank Decl.[1] Ex. 1) at 21:61-65. The Federal Circuit held that the correct corresponding structure of this means-plus-function claim term is limited to the specific components and interconnections depicted in Figure 3 and as further described in the specification of the patent, namely, "timing control unit 32, signal switch 40, switch control unit 41, and synthesis frame memory 50 described in Figure 3 and column 9 line 44 to column 10 line 29 and equivalents thereof." Fed. Cir. Op. at 10 (D.I. 184).

According to the portion of the patent specification identified in the Federal Circuit's construction, read-out timing control unit 32 "calculates the timing when the read-out *from the*

---

[1] "Blank Decl." refers to the concurrently filed Declaration of James S. Blank.

*right-eye* video [frame] memory 31 is conducted based upon these items of information and generates a clock signal for reading out of the *right-eye* video data from the *right-eye* video frame memory 31 ahead of (or behind of) normal timing." '664 patent, 10:10-13; *see* '664 patent, 10:3-20 (describing adjustment to timing of right-eye only), Figure 3 (showing output of read-out timing control unit 32 reaching right-eye frame memory 31 only). The Federal Circuit's claim construction is thus clear that the timing of read-out of only *one* of the two images is adjusted.

Tomita, however, has attempted to improperly broaden the Federal Circuit's claim construction of the structure of the offset presetting means. Specifically, rather than the timing of read-out of only one of the two images being adjusted, Tomita and its experts have argue that the Federal Circuit's claim construction should include reading out the right *and*/or left eye images from the buffers or memory in which they are stored. Jan. 28, 2015 Expert Report of Gregg Favalora (Blank Decl. Ex. 3) ("Favalora") ¶ 17; Jan. 28, 2015 Supplemental Expert Report of John Merritt Regarding Infringement (Blank Decl. Ex. 2) ("Merritt") ¶ 20; Mem. of Law in Supp. of Pls.' Mot. for S.J. ("Tomita's S.J. Br.") (D.I. 200) at 15.[2] In making these arguments, Tomita's experts and Tomita's briefing on summary judgment have relied on citations to the patent that are outside the scope of the Federal Circuit's claim construction. And Tomita never previously proposed that this Court or the Federal Circuit construe the corresponding structure of the offset presetting means to include the portions from the '664 patent they have since sought to add to the Federal Circuit's construction. *Compare* Tomita's S.J. Br. at 4 (citing '664 patent, 19:45-48, 20:6-14, 22:59-63, 23:13-16); Merritt ¶ 20 (citing '664 patent, 5:9-20) *with* Tomita's Opening Claim Construction Br. (D.I. 36) at 22; Decl. of John

---

[2] Notably, there are other sections of the patent outside the Federal Circuit's claim construction which similarly describe the single embodiment of the patent (*see* Fed Cir. Op at 6) as offsetting the right-eye image only. *See* '664 patent, 10:46-51, 11:29-38, 11:46-55, 16:3-10 ("In other words, the right-eye image is horizontally shifted with respect to the left eye-image.").

Merritt in Supp. of Tomita Technologies' Opening Claim Construction Br. (D.I. 38) ¶ 54; Fed. Cir. Op. at 4.

Similarly, Tomita sought to rely upon dependent claims 11 and 13, as well as descriptions of those claims in the specification in an improper attempt to broaden the Federal Circuit's structure during summary judgment. Tomita's S.J. Br. at 4, 7 (citing '664 patent, 22:59-63 (claim 11), 23:13-16 (claim 13)). Critically, these citations were *not* included in the Federal Circuit's construction of corresponding structure for the offset presetting means. It is inappropriate at this point for Tomita to make such claim construction arguments when the Federal Circuit has already determined the proper claim construction. Essentially, Tomita is asking the Court to construe the Federal Circuit's claim construction -- this is improper. Simply stated, claim construction is complete and Tomita must abide by it.

## CONCLUSION

Because Tomita attempts to go beyond the claim construction adopted by the Federal Circuit on remand, Defendants respectfully request that at trial, Tomita be precluded from improperly arguing or presenting testimony that the Federal Circuit's claim construction encompasses offsetting both left- and right-eye images.

Dated: July 21, 2015

                    Respectfully submitted,

                    KAYE SCHOLER LLP

                    By:   */s/ James S. Blank*
                          James S. Blank
                          Scott G. Lindvall
                    250 West 55th Street
                    New York, NY  10019-9710
                    Tel:  212-836-8000
                    Fax:  212-836-8689
                    james.blank@kayescholer.com
                    scott.lindvall@kayescholer.com

                          Paul I. Margulies
                    The McPherson Building
                    901 Fifteenth Street NW
                    Washington, DC 20005
                    Tel:  202-682-3500
                    Fax:  202-414-0342
                    paul.margulies@kayescholer.com

                    *Attorneys for Defendants*