**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                                     :
TOMITA TECHNOLOGIES USA, LLC, AND TOMITA
TECHNOLOGIES INTERNATIONAL, INC.,                                    :

                          Plaintiffs,

                : Case No. 1:11-cv-04256-JSR

     v.
                                                                     :
NINTENDO CO., LTD.,  AND
NINTENDO OF AMERICA INC.,
                                                                     :

                         Defendants.   :
---------------------------------------------------------------------x

**JOINT PROPOSED PRETRIAL CONSENT ORDER**

Plaintiffs Tomita Technologies USA, LLC, and Tomita Technologies International, Inc. (collectively, "Tomita") and Defendants Nintendo Co., Ltd. and Nintendo of America Inc. (collectively, "Nintendo") hereby respectfully submit this joint proposed pretrial consent order.

### I.   JOINT OVERVIEW OF THE CASE

Tomita alleges that Nintendo's 3DS infringes U.S. Patent Number 7,417,664 ("the '664 patent"), which is owned by Tomita Technologies International, Inc. In earlier trial proceedings, a jury determined that the '664 patent was not invalid and that the 3DS infringed claim 1 of the '664 patent. This Court upheld the jury verdict as to validity and infringement, denying Nintendo's motions for JMOL of non-infringement and invalidity, denied Nintendo's request for a new trial, and granted a remittitur of damages. The Federal Circuit affirmed all determinations from this Court's prior proceedings that were appealed except for the identification of corresponding structure in this Court's construction of the means-plus-function claim limitation "offset presetting means for offsetting and displaying said different video images based upon said video image information, said cross-point information and information on the size of the image which is displayed by said stereoscopic video image display device."

On remand, the issue before this Court is whether Nintendo's 3DS includes structure that is identical or equivalent to the "offset presetting means" limitation of the '664 Patent, as that limitation was construed by the Federal Circuit.

### II.   PARTICULARIZED DESCRIPTION OF EACH PARTY'S REMAINING CLAIMS, COUNTERCLAIMS & CROSS-CLAIMS

####   A.   Tomita's Claims

Nintendo has infringed and continues to infringe claim 1 of the '664 Patent, either literally or under the doctrine of equivalents, by making, using, selling or offering for sale in the

United States, and/or importing into the United States, its 3DS video game products having stereoscopic 3D technology embodying the patented invention.

### B. Nintendo's Claims

Nintendo does not infringe claim 1 of the '664 patent, either literally or under the doctrine of equivalents.

Nintendo also seeks a declaratory judgment that it has not and does not infringe claim 1 of the '664 patent.

### III. STATEMENT OF FACTS AND OTHER MATTERS ON WHICH THE PARTIES AGREE

In accordance with the Court's Individual Rules of Practice, Rule 4(b), the Parties identify the following agreed facts, stipulations, admissions, and other matters:

1. The parties agree to exchange demonstrative exhibits, including opening demonstratives, by 9:00 pm on the evening before they will be used.

2. Subject to the Court's approval, the parties agree that opening statements will be limited to 20 minutes per side, and closing statements will be limited to 45 minutes per side.

3. Subject to the Court's approval, the parties anticipate providing further post-trial submissions of proposed findings of fact and conclusions of law on a schedule to be determined by the Court.

4. The Federal Circuit affirmed all determinations from this Court's prior proceedings that were appealed by Nintendo except for the identification of corresponding structure in this Court's construction of the "offset presetting means" limitation.

-2-

5.      This Court upheld the jury's finding that the 3DS satisfies all limitations of claim 1 of the '664 patent.  The Federal Circuit affirmed except as to the "offset presetting means" limitation, which is at issue in the present case.

6.      The "offsetting presetting means" limitation is a means-plus-function limitation under 35 U.S.C. § 112.

7.      As determined by this Court, the function of the "offset presetting means" is "offsetting and displaying said different video images based upon said video image information, said cross-point information and information on the size of the image which is displayed by said stereoscopic video image display device." D.I. 64, Memorandum on Claim Construction on Feb. 22, 2012 at 17-20.  The Federal Circuit did not modify the function of the "offset presetting means" limitation on appeal.

8.      As determined by the Federal Circuit, the corresponding structure for the "offset presetting means" is "timing control unit 32, signal switch 40, switch control unit 41, and synthesis frame memory 50 described in Figure 3 and column 9 line 44 to column 10 line 29 [of the '664 patent] and equivalents thereof." Fed. Cir. Op. at 10.

9.      The Federal Circuit also stated that "[t]iming control unit 32 . . . performs the 'offsetting' portion of the claim function," and "[t]he 'displaying' portion of the claim function is performed by 'the switch control unit 41 preset[ting] the timing of switching of the signal switch 40 for writing of video data into synthesis frame memory 50.'" Fed. Cir. Op. at 9-10.

IV.     **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

   A.   **Tomita's Proposed Findings of Fact and Conclusions of Law**

Tomita's proposed findings of fact and conclusions of law are attached hereto as Exhibit A.

### B.    Nintendo's Proposed Findings of Fact and Conclusions of Law

Nintendo's proposed findings of fact and conclusions of law are attached hereto as Exhibit B.

## V.    STATEMENT OF DAMAGES AND RELIEF SOUGHT

Should infringement be found, damages were determined in the prior proceedings and are not the subject of this proceeding.

If Tomita prevails, Tomita may seek, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, that the Court find Nintendo's conduct in pursuing this action renders this case exceptional and that Tomita be awarded its attorneys' fees, expenses, and costs incurred in connection with this action.

If Nintendo prevails, Nintendo may seek, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, that the Court find Tomita's conduct in pursuing this action, in whole or in part, renders this an exceptional case and that Nintendo be awarded its attorneys' fees, expenses, and costs incurred in connection with this action.

## VI.    LIST OF WITNESSES

### A.    Tomita's Witnesses, in Likely Order of Appearance

1. Gregg Favalora

2. Kenneth Amron

      3.      Deposition Read-Ins (Kazuki Hirose, Yutaka Murakami)

      4.      John Merritt

**B.**    **Nintendo's Witnesses, in Likely Order of Appearance**

      1.      Masahiro Nitta

      2.      Kazuki Hirose

      3.      Dr. Jan-Michael Frahm

Because Tomita has listed Kazuki Hirose on its "May Call" list of its Fed. R. Civ. P. 26(a)(3) disclosures, this order may change based on Tomita's final witness list to comply with the Court's Individual Rules of Practice 4(b), requiring that "[a] witness whose name appears on the list of more than one party will testify only once but may be examined at that time by all parties on all relevant matters.

**VII.**    **EXHIBIT LIST WITH PARTICULARIZED OBJECTIONS**

    **A.**    **Tomita's Exhibits with Nintendo's Objections**

Tomita's exhibit list (including Nintendo's particularized objections) is attached as Exhibit C.

    **B.**    **Nintendo's Exhibits with Tomita's Objections**

Nintendo's exhibit list (including Tomita's particularized objections) is attached as Exhibit D.

**VIII.**    **ESTIMATED LENGTH OF TRIAL**

As discussed among the parties and the Court at the May 15, 2015 Argument, trial is estimated to take 3 days, assuming a typical trial day of 9:00 a.m. to 5:00 p.m.

## IX. MISCELLANEOUS

Nintendo proposes that, if a party reasonably objects that an expert witness has exceeded the scope of the opinions disclosed in his expert reports, the burden shall be on the proponent of the testimony to identify to the Court the basis in the expert's reports for the proffered testimony to assist the Court in ruling on the objection.

Tomita feels that the parties need not stipulate as to the appropriate burden on this issue, as the Court will apply the appropriate standard.  Also, experts should be able to address matters raised in the rebuttal reports of opposing experts.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Dated:  July 28, 2015 | Dated:  July 28, 2015 |
| STROOCK & STROOCK & LAVAN LLP | KAYE SCHOLER LLP |

By:   /s/ Kenneth L. Stein
    Kenneth L. Stein
    Ian G. DiBernardo
    Joseph Diamante
    180 Maiden Lane
    New York, NY  10038
    (212) 806-5400
    (212) 806-6006
    kstein@stroock.com
    idibernardo@stroock.com
    jdiamante@stroock.com

*Attorneys for Plaintiffs*
*Tomita Technologies USA, LLC,*
*and Tomita Technologies International, Inc.*

By:   /s/ James S. Blank
    James S. Blank
    Scott G. Lindvall
    250 West 55th Street
    New York, NY  10019-9710
    Tel:  212-836-8000
    Fax:  212-836-8689
    james.blank@kayescholer.com
    scott.lindvall@kayescholer.com

    Paul Margulies
    The McPherson Building
    901 Fifteenth Street NW
    Washington, DC 20005
    Tel:  202-682-3500
    Fax:  202-414-0342
    paul.margulies@kayescholer.com

*Attorneys for Defendants Nintendo Co., Ltd.*
*and Nintendo of America Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
          :
TOMITA TECHNOLOGIES USA, LLC, AND TOMITA
TECHNOLOGIES INTERNATIONAL, INC.,      :

         Plaintiffs,
          :
    v.                                          Case No. 1:11-cv-04256-JSR

NINTENDO CO., LTD., AND              :
NINTENDO OF AMERICA INC.
          :

         Defendants.      :
------------------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 28, 2015, I caused a true and correct copy of the foregoing **Pretrial Consent Order with Exhibits 1-4** to be served via ECF in accordance with the Federal Rules of Civil Procedure, and/or the Local Rules of this Court, upon the following parties and participants:

      **James S. Blank, Esq.**
      **Scott G. Lindvall, Esq.**
      **Paul Margulies, Esq.**
      Kaye Scholer LLP
      250 West 55th Street
      New York, NY  10019-9710
      Tel: (212) 836-8000
      Fax: (212) 836-8629

                                  */s/ Kenneth L. Stein*
                                    Kenneth L. Stein